UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | | |
|---|---|---|---|
| IN RE: EDWARD LEE CAIN, JR. | : | Chapter 7 | |
| | : | | |
| Debtor, | : | | |
| | : | | |
| | : | CASE # 13-50208-BM | |
| | : | | |
| | : | | |
| CLARICE W. DOWDLE | : | ADVERSARY PROCEEDING | |
| | : | CASE # 13-05365-BEM | |
| | : | | |
| Plaintiffs, | : | | |
| | : | | |
| EDWARD LEE CAIN, JR., | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

**DEFENDANT'S POST TRIAL SUBMISSION OF CASE LAW TO CHAMBERS**

Pursuant to the Court's request at the trial on November 13, 2014, Defendant submits the attached case law and citations for the court's review.

Question presented by Court: When counsel withdraws from a state court action, and defendant does not receive notice of the withdrawal or the court's order granting withdrawal because prior counsel was using an outdated address for defendant and never updated the court, does giving preclusive effect to subsequent court judgments violate the defendant's due process rights?

*Walters v. National Ass'n of Radiation Survivors*, 473 U.S. 305, 105 S.Ct. 3180 (1985) ("Due process is a highly flexible concept [and] the processes required . . . will vary depending on the importance attached to the interest and the particular circumstances under which the derivation may occur.")

*In re Catt*, 368 F.3d 789 (7th Cir. 2004) (MOST similar fact scenario) (finding that Catt, whose lawyer withdrew without his knowledge, was still bound by the trial results because he could have attended)  Distinguishable because Court relies on fact that Catt CHOSE not to attend because he was about to file bankruptcy and wrongly assumed the judgment would be

discharged. Ed Cain had no plans to file a personal Bankruptcy and made no choice not to attend a hearing which he assumed was handled by his insurance counsel.

Questioned in *In re Rigoroso* 453 B.R. 612 (Bankr. D.S.C 2011) (limiting *Catt* and focusing on Debtor's election to avoid trial due to his own imminent bankruptcy).

*In re Swirsky*, 372 B.R. 551 (Bankr.D.Conn 2006) (After Debtor's counsel withdrew in state court action, Court applies collateral estoppel where "Debtor failed to file his own appearance or retain replacement counsel.") Unlike Cain, Debtor had notice of the withdrawal.

*In re White*, 444 B.R. 87 (Bankr.S.D.Ind. 2010) (finding fair opportunity if Debtor "could have appeared if he had wanted to." Cain had no such notice to do so.

*In re Dawson*, 338 B.R. 756 (Bankr. N.D.Ohio 2006) (applying collateral estoppel against Debtor who knew of his attorney's withdrawal but did nothing to appear at trial thereafter)

*In re Sedlacek* 325 B.R. 202 (Bankr.E.D.Tenn.2005) (bad address can rebuts presumption of notice to defendant).

*In re Vigilotti*, 2014 WL 4639155, ___ BR ___ (Bankr. E.D.Conn. 2014) (precluding retrial when Debtor had provided notice address to court and was aware of counsel withdrawal, but notice address was faulty).

*In re Neuschafer*, 514 BR 719 (10th Cir. B.A.P. 2014)(applying Georgia law) (Debtor was bound by state court judgment entered after his counsel withdrew and after all subsequent notices went to improper addresses). But here, again, Debtor knew of counsel withdrawal and "chose not to participate" in the trial.

*In re Leonard*, 2014 WL 1025823 (Bankr. E.D. Tenn. 2014) (debtor chose not to participate in state court action because he was planning to file bankruptcy).

*In re Bush*, 62 F.3d 1319 (11th. Cir. 1995) (denying a "second bite at the apple" when a Debtor "knowingly chose not to defend himself" in the state court action).

*In re Smith*, 362 B.R. 438 (Bankr. D. Ariz. 2007) (estopping Debtor when, after withdrawal of counsel, he knowingly and consciously decided to stop his participation in the state court action).

*In re Camacho,* 411 B.R. 496 (Bankr.S.D.Ga. 2009) (holding that due process required full and fair opportunity to litigate and that Debtor had the opportunity but "decided not to participate") Here, Cain (without actual notice that he lacked counsel) made no such decision.

*In re Henkel,* 490 B.R. 759 (Bankr. S.D.Ohio 2013) – VERY close facts. (holding service and notice was proper, but stating that defendant "did not rebut the presumption of proper service.") Here, undisputed facts show that Cain did not receive notice of the withdrawal.

Respectfully submitted this 13th day of November, 2014

_____/s/_____
Howard Slomka, Esquire
Attorney for Debtor/Defendant
GA Bar # 652875
Slomka Law Firm, PC
1069 Spring Street NW #200
Atlanta, Georgia 30309
Telephone (678) 732-0001
Howie@SlomkaLawFirm.com

## CERTIFICATE OF SERVICE

I certify that I have served Plaintiff's counsel via ecf and email to jon@thelennardlawyer.com

_____/s/_____
Howard Slomka, Esquire
Attorney for Debtor/Defendant
GA Bar # 652875
Slomka Law Firm, PC
1069 Spring Street NW #200
Atlanta, Georgia 30309
Telephone (678) 732-0001
Howie@SlomkaLawFirm.com